# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CR-18-275-F |
| | ) |
| GEORGE CHACON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

    Before the court is the Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on the Retroactive Application of U.S.S.G. Amendment 821 (doc. no. 53), filed by counsel on behalf of defendant George Chacon, to which plaintiff United States of America has responded in opposition (doc. no. 54).

    The court follows a two-step process in considering defendant's § 3582(c)(2) motion.  *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013).  The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction.  If the reduction is authorized, the court may consider any applicable 18 U.S.C.§ 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

    Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 45), the court finds that defendant is eligible for a sentence reduction

under Amendment 821 (Part A). The amendment reduces the number of defendant's status points to one, resulting in a total criminal history score of 12, instead of 13. With a total criminal history score of 12, defendant's criminal history category changes from VI to V. And with a total offense level of 23 and a criminal history category of V, defendant's amended guideline range is 85 months to 105 months. This amended guideline range is less than defendant's original guideline range of 92 months to 115 months.

Although defendant is eligible for a sentence reduction, the court concludes that the § 3553(a) factors weigh against it. Relevant § 3553(a) factors include, but are not limited to, the nature and circumstance of defendant's offense and the history and characteristics of defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

Defendant is incarcerated because he committed a serious offense—felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). According to the final presentence investigation report, the firearm at issue, a Smith and Wesson .380 pistol, was chamber-loaded and stolen, and defendant possessed the firearm in connection with a felony offense of possession with intent to distribute methamphetamine. Defendant was 23 years old at the time of his offense. For his offense, the court varied upward from the original sentencing guideline range and sentenced defendant to 120 months of imprisonment.

Before his federal offense, defendant had prior state convictions including robbery with a dangerous weapon, possession of a firearm while on supervised probation, possession of controlled dangerous substance, driving without a license, operating a vehicle on which taxes were due, endangering others while eluding, driving a motor vehicle while under the influence of drugs, no valid driver's license,

failure to wear seat belt, failure to maintain security, littering, and grand larceny. This criminal history includes violent conduct, and it consists of relatively recent acts as well as conduct in the more distant past.

Defendant's federal offense, which involved a stolen chamber-loaded pistol and methamphetamine, was committed about two months after defendant was released from incarceration in May 2018 for state court convictions. Such conduct, in the court's view, indicates a serious level of disrespect for the law.

To his credit, defendant, while incarcerated, has taken a number of educational programs and a drug program through Psychology Services. However, he has been disciplined numerous times. Specifically, he has been disciplined for possession of a dangerous weapon (February 2020), fighting with another person (February 2020), possessing a hazardous tool (August 2021), fighting with another person (January 2023), fighting with another person (January 2024), phone abuse-disputing monitoring (February 2024) and use of amphetamines/methamphetamines (March 2024). Doc. no. 54-1. Like his criminal history, defendant's disciplinary history involves violent conduct. And the disciplinary history strongly suggests that defendant is still a drug addict, which, in the court's view, bodes ill for the likelihood that defendant will lead a law-abiding life when released from incarceration.

Defendant is currently 30 years old. According to the Federal Bureau of Prisons inmate locator, defendant's projected release date is December 5, 2027.

After consideration of the above-stated relevant factors of § 3553(a), the court concludes that no reduction of the sentence originally imposed by the court is warranted. Further, the transcript of the sentencing proceedings clearly shows that the court, in determining the sentence to be imposed, relied on the statutory sentencing factors, including "above all, the need for incapacitation." Doc. no. 39, at p. 16. Nothing in the record suggests to the court that the need for incapacitation has diminished. The court, of course, noted the defendant's request for an above-

guidelines sentence, *see*, doc. no. 31 at p. 2, but the driving force behind the imposition of a sentence at the statutory maximum was the court's evaluation of the statutory factors in § 3553(a), independent of the defendant's request for an upward variance.

Based upon the foregoing, the Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on the Retroactive Application of U.S.S.G. Amendment 821 (doc. no. 53), filed by counsel on behalf of defendant George Chacon, is **DENIED**.

DATED this 8th day of January, 2025.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0275p009.docx